IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Celina Wiegel, et al.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 09 C 7417 |
| **Stork Craft Manufacturing, Inc., a Canadian corporation, and Wal-Mart Stores, Inc., a Delaware Corporation,** | ) |
| | ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Celina Wiegel ("Wiegel") sued defendants Stork Craft Manufacturing and Wal-Mart (together, "defendants") in connection with a baby crib that was purchased for her in 2008. Due to an alleged defect, Stork Craft subsequently recalled the crib model owned by Wiegel. Her complaint brought several causes of action against the defendants. Of these, only two remain: (1) a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA" or "the Act"), 815 ILCS 505/1 et seq.; and (2) a common law claim for unjust enrichment. Defendants have moved for summary judgment on both counts. For the reasons discussed below, their motion is denied.

I.

"To state a cause of action under the ICFA, five elements must be proven: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the

deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Dubey v. Public Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009).

Defendants argue that Wiegel's ICFA claim fails for several reasons. Each of their arguments is based on Wiegel's disclosure that (contrary to what they say her complaint suggested) she did not purchase the crib in question. Rather, Wiegel states that the crib was purchased for her by her mother-in-law. According to defendants, this deprives Wiegel of standing to bring suit under the ICFA. They point out that the ICFA defines a "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Since Wiegel did not purchase (or contract for the purchase of) the crib, defendants argue that she is not a "consumer" within the meaning of the Act. From this, they contend, it follows that Wiegel has no standing to bring claims under the Act.

This argument fails because the latter premise is false. Simply put, there is nothing in the Act that suggests that it applies only to "consumers" (and hence, to purchasers). On the contrary, section 10(a) of the Act states that "[a]ny person who

suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a(a). Similarly, the Seventh Circuit has affirmed that section 10(a) of the Act "does not protect just consumers, but any person." *Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004) (Posner, J.); *see also P.I.A. Michigan City, Inc. v. National Porges Radiator Corp.*, 789 F. Supp. 1421, 1428 (N.D. Ill. 1992) (opining that if "given the opportunity, the Illinois Supreme Court would hold that standing under the Consumer Fraud Act is not limited to consumers").[1]

Defendants next argue that Wiegel cannot show that she suffered actual damages as required by the Act. Relying once again on the fact that Wiegel herself did not purchase the crib, they maintain that she has suffered no economic injury. I disagree. To show actual damages, "plaintiff must [show] that she has been harmed in a concrete, ascertainable way. . . . [D]efendant's alleged deception must have affected plaintiff in a way that made her tangibly worse off." *Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008)(quotation marks omitted). While it is

---

[1] Notably, defendants make no attempt to address *Williams*. In fact, in their response to Wiegel's sur-reply, they erroneously cite *Williams* as quoting *Durst v. Ill. Farmers Ins. Co.*, No. 05 C 574, 2006 WL 140546, at *3 (N.D. Ill. Jan. 12, 2006), for the proposition that "[a] plaintiff in a Fraud Act suit must also be a consumer, as defined under the statute." Defs.' Resp. to Sur-Reply at 3. The latter language does not appear anywhere in the *Williams* opinion. Nor is it possible for Williams to have quoted *Durst* to this effect, since *Durst* was decided two years after *Williams*.

true that Wiegel has not suffered out-of-pocket losses, she has identified ways in which she is "tangibly worse off" because of the crib's alleged defectiveness. For example, Wiegel has at least suffered economic harm due to the diminution in the crib's resale value. Indeed, Wiegel notes (and defendants do not dispute) that because the crib has been the subject of a recall, she is prohibited from re-selling it. *See* Pl.'s Resp. at 5 (citing 15 U.S.C. § 2068(a)(2)(B), a provision of the Consumer Product Safety Act that makes it unlawful for anyone to "sell [or] offer for sale . . . any consumer product . . . that is subject to voluntary corrective action taken by the manufacturer."). Illinois courts have held that damages of this type are cognizable under the ICFA. *See, e.g.*, *White v. DaimlerChrysler Corp.*, 856 N.E.2d 542, 550 (Ill. App. Ct. 2006) (noting that "diminution in resale value has been held to be a legally cognizable injury under the Act, even where the plaintiff's product has not yet failed.").

Finally, defendants argue that Wiegel has failed to cite evidence that their deceptive activity was the proximate cause of her damages. That is not so. Wiegel claims that she researched cribs on the Internet and specifically selected the Stork Craft model over competing models because it had a "drop-side" (designed to make it easier to place infants or toddlers in the crib). She claims that her research led her to believe that Stork Craft cribs met applicable standards and regulations and that they were not

defective.  *See* Pl.'s Stmt. Add'l Facts ¶¶ 1-6.  If defendants' allegedly deceptive representations about the crib's safety caused her to choose the model in question over a different, non-defective one, a jury could conclude that the defendants' representations were the proximate cause of her injury.  For these reasons, I deny defendants' motion for summary judgment with respect to Wiegel's ICFA claim.

Defendants also move for summary judgment as to plaintiff's unjust enrichment claim.  "To state a cause of action for unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention violated the fundamental principles of justice, equity, and good conscience." *Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Imp. Ass'n*, 934 N.E.2d 636, 644 (Ill. App. Ct. 2010).

Once again, defendants argue that plaintiff's claim fails because she did not purchase the crib herself.  According to defendants, unjust enrichment requires a plaintiff to prove that she directly conferred a benefit upon the defendant.  Since Wiegel herself did not pay for the crib, defendants argue that any benefit they obtained from the sale was not conferred upon them by her.

The faulty premise in this argument is defendants' contention that a claim for unjust enrichment will lie only where the plaintiff is the one who confers the benefit on the defendant.

This claim is contradicted by a substantial body of case authority. As one court has observed, "[i]n Illinois, courts emphasize the defendant's retention of the benefit, rather than plaintiff's conferral," and "thus [Illinois unjust enrichment law] does not specifically require that plaintiffs directly confer a benefit on defendant." *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 852 (N.D. Ill. 2006). Indeed, the Illinois Supreme Court has expressly recognized a number of situations in which a plaintiff may seek recovery of a benefit that was transferred to the defendant by a third party. Specifically, *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672 (1989), noted that "courts have found that retention of the benefit would be unjust where (1) the benefit should have been given to the plaintiff, but the third party mistakenly gave it to the defendant instead, (2) the defendant procured the benefit from the third party through some type of wrongful conduct, or (3) the plaintiff for some other reason had a better claim to the benefit than the defendant." *Id.* at 679 (citations omitted).

Defendants argue that Wiegel's case does not fall under any of *HPI*'s exceptions. Yet even if their arguments on this point were persuasive (and they are not), Wiegel's claim would not thereby be defeated, for *HPI*'s categories are not exhaustive. *See Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 738 n.3 (7th Cir. 1990) ("*HPI* states only that under the conditions

mentioned a defendant's retention of a benefit is unjust. It does not state that only under the conditions mentioned is a defendant's retention of a benefit unjust. Its holding is hardly restrictive."). Accordingly, I deny defendants' motion for summary judgment with respect to Wiegel's unjust enrichment claim.

## II.

For the reasons discussed above, defendants' motion for summary judgment is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 27, 2011