IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CELINA WIEGEL, et al., )
)
      Plaintiff, )
)
v. )
) No. 09 C 7417
STORK CRAFT MANUFACTURING, INC., a )
Canadian corporation, and WAL-MART )
STORES, INC., a Delaware )
corporation, )
)
      Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Celina Wiegel ("Wiegel") sued defendants Stork Craft Manufacturing, Inc. ("Stork Craft") and Wal-Mart Stores, Inc. ("Wal-Mart") in connection with a baby crib that was purchased for her in 2008 and subsequently the subject of a recall. In her original complaint, plaintiff brought five counts against defendants. After a motion to dismiss, only two causes of action, counts I and V, remained and both survived defendants' joint motion for summary judgment. In her second amended complaint plaintiff added three new causes of action: a breach of contract claim against Wal-Mart (count VI), an unjust enrichment claim against both defendants based on post-recall conduct (count VII), and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") against both defendants also premised on post-recall conduct (count VIII). Defendants have moved separately to dismiss the second amended complaint. Stork Craft seeks

dismissal of counts VII and VIII. Wal-Mart seeks dismissal of all five counts. For the reasons below, Stork Craft's motion is granted and Wal-Mart's motion is granted in part and denied in part.

I.

The gravamen of Stork Craft's argument is that Wiegel lacks standing to bring the two new counts against it in the second amended complaint. Without citing to any authority, plaintiff briefly argues that because I previously ruled that she has standing to bring two claims (counts I and V) in the original complaint, she has already established standing on counts VII and VIII in the second amended complaint. (Pl.'s Resp., at 5) (Dkt. No. 144). This contention is without merit. "A plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S.Ct. 1854, 1867, 164 L.Ed.2d 589 (2006) (citing *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). Therefore, plaintiff must show that she has standing to bring the new claims against defendants. To establish Article III standing, a plaintiff must show (1) injury in fact, meaning "an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical"; (2) a causal relationship between the injury and the conduct complained of "such

that the injury can be fairly traced to the challenged action of the defendant"; and (3) a likelihood that a favorable decision will redress the injury. *Scanlan v. Eisenberg*, 669 F.3d 838, 842 (7th Cir. 2012) (quoting *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003)). Moreover, a named plaintiff in a class action lawsuit cannot piggy-back on the injuries of unnamed class members in order to establish standing. *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). "[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs." *Id.* (quoting *Allee v. Medrano*, 416 U.S. 802, 828-29, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (Burger, C.J., dissenting)). While Wal-Mart has not raised a standing argument, I am obligated to consider the issue of standing, a question of Article III jurisdiction, as it pertains to the claims against Wal-Mart as well. *Foster v. Ctr. Twp. of LaPorte Cnty.*, 798 F.2d 237, 241 (7th Cir. 1986) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).

Stork Craft argues that plaintiff has failed to allege personal injury caused by defendants' post-recall conduct and lacks standing as a result. In response to Stork Craft's argument, plaintiff insists that she "was advised via the recall that retailers would not offer refunds." (Pl.'s Resp. to Stork Craft's Mot. to Dismiss, at 12) (Dkt. No. 144). But the second amended

3

complaint is void of any factual allegations regarding how or from whom she received notice that retailers would not offer refunds for the recalled cribs. In her complaint, plaintiff references an e-mail and a letter Stork Craft sent to its customers, a letter Wal-Mart sent to its customers, and a poster Wal-Mart displayed notifying customers of the recall. (Sec. Am. Compl., at ¶¶ 25-32) (Dkt. No. 127). Missing from the complaint is any allegation that plaintiff herself read or received any of these notices. And while plaintiff alleges that "[p]ursuant to the instructions given in the recall notice, Plaintiff ordered the repair kit from Stork Craft's website," (*Id.*, at ¶ 20), she does not allege facts to support a claim that she was personally misled into believing that she could not pursue a refund or that she tried to seek a refund. Although plaintiff was affected by the recall, this is not sufficient to create standing. Plaintiff has failed to establish that she suffered an injury as a result of defendants' post-recall conduct and has no standing to bring claims based on that conduct. *See Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997) (finding the plaintiff lacked standing where she alleged "no facts to show how [the defendant's] practices have injured her"); *Love Church v. City of Evanston*, 896 F.2d 1082, 1085 (7th Cir. 1990) (stating that a plaintiff cannot establish standing where the harm alleged "is merely 'abstract' or 'conjectural' or 'hypothetical'").

Plaintiff therefore does not have standing to bring counts VII and VIII against Stork Craft or Wal-Mart.

The standing issue, raised only by Stork Craft in its motion to dismiss counts VII and VIII, requires dismissal of count VI as well. Plaintiff's sixth cause of action is a claim for breach of contract against Wal-Mart only. The complaint alleges that Wal-Mart has a policy of giving refunds for recalled products and that this policy is an implied term of its contracts for sale with its customers. Again, though, plaintiff does not plead facts establishing that she suffered an injury as a result of Wal-Mart's alleged actions. Specifically, plaintiff alleges that via communications with its customers, Wal-Mart misrepresented its policy regarding the availability of refunds. But plaintiff fails to allege that she received any communications from Wal-Mart or that she was personally deceived or misled into believing that she could not obtain a refund for her recalled crib. As such, she does not have standing to bring count VI against Wal-Mart.

Wal-Mart also seeks reconsideration of my denial of defendants' prior motion to dismiss with respect to counts I and V. On June 10, 2010, I ruled on defendants' joint motion to dismiss. That order dismissed three of plaintiff's original claims but preserved two claims (counts I and V). On January 27, 2011, I upheld these two claims again on summary judgment. Wal-Mart has not filed a separate motion for reconsideration, but in a footnote

5

asks for reconsideration initially without citing any grounds for why reconsideration is appropriate. Because Wal-Mart seeks reconsideration of an interlocutory order, Rule 54(b) of the Federal Rules of Civil Procedure applies. Under Rule 54(b), a court may exercise its inherent authority to reconsider its prior interlocutory orders because a court may revise interlocutory orders at any time before entering a final judgment. *Chicago Reg'l Council of Carpenters v. Prate Installations, Inc.*, No. 10 C 5431, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011) (St. Eve, J.) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Reconsideration pursuant to Rule 54(b) "serve[s] the limited function of correcting manifest errors of law or fact," *Id.*, or to consider newly discovered evidence. *City of Livonia Employees' Ret. Sys. v. The Boeing Co.*, No. 09 C 7143, 2011 WL 824604, at *3 (N.D. Ill. March 7, 2011) (Conlon, J.) (citing *Zurich Capital Markets Inc. v. Coglianese*, 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005)); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) ("Motions for reconsideration [under Rule 54(b)] serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.") (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised

6

in the original briefing. *Rothwell*, 827 F.2d at 251 (quoting *Keene*, 561 F.Supp. at 665-66).

In its reply, Wal-Mart offers two grounds for reconsideration. First, Wal-Mart contends that plaintiff has altered count I in the second amended complaint. However, Wal-Mart points to no substantial changes in count I that would warrant reconsideration of my prior rulings. Second, Wal-Mart essentially argues that courts have the inherent power to reconsider prior rulings throughout the course of litigation. While Rule 54(b) is an expression of this inherent power, courts have limited the situations in which reconsideration is appropriate. Wal-Mart does not raise any arguments that it did not raise or could not have raised in its briefing on its original motion to dismiss. As such, I deny Wal-Mart's request for reconsideration of counts I and V.

II.

For the reasons discussed above, Stork Craft's motion to dismiss is granted and Wal-Mart's motion to dismiss is granted in part and denied in part. The new counts added in the second amended complaint (counts VI - VIII) are dismissed but I decline to revisit my prior rulings as they relate to counts I and V.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

Dated: June 6, 2012